**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. _____

SONYA KIM LABONTE,

     Plaintiff,

vs.

JOSEPH MATTHEW NAVARRE,
ANDREA EMELDA PATENAUDE and
NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY,

     Defendants.

_____/

**DEFENDANT NATIONWIDE PROPERTY & CASUALTY**
**INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Nationwide Property & Casualty Insurance Company ("Defendant Nationwide"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby files this Notice of Removal of the above-styled action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, where the action is now pending under Case Number 23-CA-003716 (the "State Court Action"), to the United States District Court for the Middle District of Florida.  In support thereof, Defendant Nationwide states as follows:

I.     **FACTUL BACKGROUND**

     A.     **The Complaint**

     1.     On March 20, 2023, Plaintiff, Sonya Kim Labonte ("Plaintiff"), filed the Complaint in the State Court Action.  [See Composite Exhibit 1, Plaintiff's Complaint].

-1-

2.      Defendant Nationwide was served with a copy of the Complaint by the Chief Financial Officer of the State of Florida on July 17, 2023.  Defendant Nationwide was not served with a copy of the Complaint prior to service on July 17, 2023.  [See Composite Exhibit 1, Notice of Service of Process].

3.      The Complaint alleges an auto negligence count (the "Auto Negligence Count") against the unserved forum defendants, Joseph Matthew Navarre and Andrea Emelda Patenaude Whaley (the "Unserved Defendants"), an uninsured/underinsured count ("UM Count") against Defendant Nationwide, and a bad faith count (the "Bad Faith Count") against Defendant Nationwide.  [See Composite Exhibit 1, Plaintiff's Complaint].

**B.      The Parties' Citizenship**

4.      Upon information and belief, Plaintiff is a citizen of Florida.  Although the Complaint does not allege Plaintiff's citizenship, the Declarations of the auto policy issued by Defendant Nationwide to Plaintiff (the "Policy") attached to the Complaint shows an address for Plaintiff in Tampa, Florida.  [See Composite Exhibit 1, Plaintiff's Complaint, Exhibit A].

5.      The Complaint alleges that the Unserved Defendants were residents of Florida at the time of the subject auto accident that occurred on November 8, 2022 (the "Accident").  [See Composite Exhibit 1, Plaintiff's Complaint, ¶ 4].

6.      Although the Complaint alleges that the Unserved Defendants are concealing their whereabouts and that Plaintiff has met all conditions precedent to obtain substituted service on the Unserved Defendants through the Secretary of State, the docket in the State Court Action establishes that Plaintiff has not perfected substituted service on the Unserved Defendants, as required by Florida Statute § 48.161.  [See Composite Exhibit 1, Plaintiff's Complaint, ¶¶ 4-6;

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330

Exhibit 2, Copy of Docket of the State Court Action].

7.      Specifically, the docket in the State Court Action does not show that Plaintiff or her counsel has filed an affidavit indicating compliance with Fla. Stat. § 48.161 within 40 days after the date of service on the Secretary of State or within such additional time as the court allows - which is a statutory requirement in order to perfect substituted service under Fla. Stat. § 48.161. [See Exhibit 2, Copy of Docket of the State Court Action].

8.      In addition, the copy of the only summonses issued as to the Unserved Defendants appears to be the original summonses issued for personal service. The docket of the State Court Action does not show any other court-issued summonses issued for substituted service on the Unserved Defendants through the Secretary of State. The Secretary of State requires, *inter alia*, a court-issued summons showing the name of the defendant, in care of the Secretary of State, before accepting substituted service of process under Fla. Stat. § 48.161 (https://dos.myflorida.com/sunbiz/other-services/service-of-process/). [See Exhibit 2, Copy of Docket of the State Court Action; Composite Exhibit 3, Original Summonses issued for personal service on Unserved Defendants].

9.      Defendant Nationwide is an Ohio corporation with its current principal place of business in Columbus, Ohio. The Florida Department of State, Division of Corporations' website lists Defendant Nationwide's current principal place of business as One West Nationwide Boulevard, Columbus, Ohio 43215. [See Exhibit 4, Screenshot from the Florida Department of State, Division of Corporations]. Thus, Defendant Nationwide is a citizen of the State of Ohio for purposes of determining diversity under 28 U.S.C. §1332(c)(1).

10.     The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§1332

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330

and 1441(a) because Plaintiff is a citizen of Florida, Defendant Nationwide is a citizen of Ohio, and the forum defendants - the Unserved Defendants - have been joined but have not yet been served.

        **C.**    **The Amount in Controversy**

       11.    While the Complaint does not state the specific amount of damages sought by Plaintiff and only states that the action is for damages in excess of $50,000, Plaintiff submitted to Defendant Nationwide a post-suit demand dated April 3, 2023 detailing Plaintiff's injuries underlying her claim for UM benefits following the Accident and valuing Plaintiff's claim for UM benefits at the Policy's UM limit of $100,000 (the "Demand"). The Demand had attached to it about 30 pages of medical records and bills. The Demand detailed several injuries to Plaintiff's lumbar spine, her medical treatment (including imaging studies) and conservative care, her need for future conservative care, her need for future pain injections, a potential lumbar spine surgery (per the assessment from her orthopedic surgeon dated March 16, 2023), the bases for non-economic damages (permanent injuries to her lumbar spine per the assessment from her orthopedic surgeon dated March 16, 2023), and the overall diminishment in her quality of life (self-reported and per the assessment from her orthopedic surgeon dated March 16, 2023). [See Exhibit 5, Demand without exhibits – except for the assessment/plan section of the orthopedic surgeon's report dated March 16, 2023].

       12.    On May 19, 2023, Plaintiff filed with the Florida Department of Financial Services and served on Defendant Nationwide a post-suit Civil Remedy Notice of Insurer Violations ("CRN") once again detailing several injuries to Plaintiff's lumbar spine, the bases for non-economic damages (permanent injuries to her lumbar spine), and the overall diminishment

-4-

in her quality of life. In the CRN, Plaintiff requested that Defendant Nationwide pay to Plaintiff the Policy's UM limit of $100,000 in order to cure the alleged violations. [See Exhibit 6, the CRN].

13.     While Plaintiff's Complaint is silent as to the specific amount of damages sought in the case (beyond the state court's jurisdictional amount of more than $50,000), Plaintiff's post-suit Demand and CRN detailing several injuries to Plaintiff's lumbar spine, her medical treatment (including imaging studies) and conservative care, her need for future conservative care, her need for future pain injections, a potential lumbar spine surgery (per the assessment from her orthopedic surgeon dated March 16, 2023), the bases for non-economic damages (permanent injuries to her lumbar spine per the assessment from her orthopedic surgeon dated March 16, 2023), and the overall diminishment in her quality of life (self-reported and per the assessment from orthopedic surgeon dated March 16, 2023) reflect an honest assessment of damages on the part of Plaintiff in excess of the jurisdictional amount of $75,000.

D.     **The Procedure for Removal**

14.     In accordance with 28 U.S.C. § 1446(a) and (b), Defendant Nationwide's Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action, is being filed within thirty days of Defendant Nationwide's receipt of the Complaint on July 17, 2023. [See Composite Exhibit 7, Copy of all process, pleadings, and orders].

15.     In accordance with 28 U.S.C. § 1441(a), given that the State Court Action is pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County,

-5-

Florida, venue properly lies in the United States District Court for the Middle District Court District of Florida.

16.    Defendant Nationwide will give written notice to Plaintiff and to the clerk of the State Court Action of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## II.    MEMORANDUM OF LAW

### A.    The United States District Court Has Jurisdiction Over this Matter

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).  In the instant case, original jurisdiction is sought under 28 U.S.C. §1332, which provides that:

> **(a)**    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
> * * *
> **(2)**    citizens of a State and citizens or subjects of a foreign state
> . . .

*See* 28 U.S.C. §1332(a).  In short, in order to establish jurisdiction under 28 U.S.C. §1332(a), Defendant Nationwide must meet two requirements:  1) that the amount in controversy exceeds $75,000; and 2) that the action is between a citizen of this State and a citizen of a foreign state.

### B.    The Amount in Controversy Exceeds $75,000

As set forth above, although it is not facially apparent from the Complaint that the amount in controversy exceeds $75,000, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy*

-6-

*Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).  "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).  Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d at 755.  The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d at 1061-62; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing").

Courts have held that a removing defendant can satisfy the jurisdictional amount burden using pre- or post- suit estimates when (1) the document reflects an "honest assessment of damages," and (2) Plaintiff does not contest the "veracity of the information" contained in the document despite having an opportunity to do so.  *See Roman v. Walmart Stores East, LP*, 2021 WL 252423, at *2 (M.D. Fla. January 26, 2021) (quoting *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009) ("[T]he Court is persuaded that the pre-suit demand package reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff.")); *see also Golden v. Dodge-Markham Co., Inc.*, 1

-7-

F. Supp. 2d 1360, 1364 (M.D. Fla. 1998) (generally, defendants can use demand letters, as other papers under 28 U.S.C. § 1446(b); however, there is a difference between "settlement demand letters that offer an honest assessment of damages and those that are mere posturing"); *Shields v. Fresh Mkt., Inc.,* No. 19-CV-60725, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) (explaining that while a "demand letter, standing alone, may not be enough to satisfy the jurisdictional amount," when it is "combined with" supporting documentation, it can establish the amount in controversy).

Here, Plaintiff's post-suit Demand and the CRN detailing several injuries to Plaintiff's lumbar spine, her medical treatment (including imaging studies) and conservative care, her need for future conservative care, her need for future pain injections, a potential lumbar spine surgery (per the assessment from her orthopedic surgeon dated March 16, 2023), the bases for non-economic damages (permanent injuries to her lumbar spine per the assessment from he orthopedic surgeon dated March 16, 2023), and the overall diminishment in her quality of life (self-reported and per the assessment from her orthopedic surgeon dated March 16, 2023) reflect an honest assessment of damages on the part of Plaintiff in excess of the jurisdictional amount of $75,000.   Accordingly, Defendant Nationwide asserts that it has met the first statutory requirement that the amount in controversy exceed $75,000, exclusive of interest and costs, as evidenced by the detailed Demand and CRN submitted by Plaintiff.

## C.     <u>There is Complete Diversity of Citizenship</u>

The second statutory requirement that there be complete diversity of citizenship between the parties in the instant action also has been met.  This action is between a citizen of the State of Florida, a citizen of a foreign state, and two forum defendants – the Unserved Defendants – who

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330

have not yet been served. The forum defendant rule is derived from 28 U.S.C. § 1441(b), which governs the removal of a state action to federal court by a defendant. Section 1441(b)(2) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable **only if none of the parties in interest properly joined and served as defendants** is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Therefore, a defendant may not remove a case that was brought in a Florida state court if any of the defendants, "properly joined and served," are citizens of Florida.

While courts are split in their application of section 1441(b) when a forum defendant is properly joined but not served before removal, "a strict interpretation of 28 U.S.C § 1441(b)(2) is the majority view." *North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1268 (M.D. Fla. 2009) (Presnell, J.). ("Hewing closely to the unambiguous text of Section 1441(b), the majority of courts ... have concluded that a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant.") (collecting cases); *see also Visalus, Inc. v. Knox*, 2013 WL 3462176 (M.D. Fla. 2013) (Corrigan, J.).

Here, as set forth above, the docket in the State Court Action shows that Plaintiff has not perfected substituted service on the Unserved Defendants, as required by Florida Statute § 48.161. When effecting substituted service of process on a person, such as the Unserved Defendants, who are allegedly concealing their whereabouts, Fla. Stat. § 48.161 requires as follows:

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330

(1) When authorized by law, substituted service of process on a nonresident individual or a corporation or other business entity incorporated or formed under the laws of any other state, territory, or commonwealth, or the laws of any foreign country, may be made by **sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission.** The service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process. The Secretary of State shall keep a record of all process served on the Secretary of State showing the day and hour of service.

(2) Notice of service and a copy of the process must be sent forthwith by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must be sent by such electronic means or, **if the party is being served by substituted service, the notice of service and a copy of the process must be served at such party's last known physical address and, if applicable, last known electronic address.** The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice. **An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows.** The affidavit of compliance must set forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.

(3) **When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (2)**; however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

-10-

(Emphasis added).  *See* Fla. Stat. § 48.161

Here, the docket in the State Court Action does not show that Plaintiff or her counsel has filed an affidavit indicating compliance with Fla. Stat. § 48.161 within 40 days after the date of service on the Secretary of State or within such additional time as the court allows - which is a statutory requirement in order to perfect substituted service under Fla. Stat. § 48.161.  *See Dubois v. Butler ex rel. Butle*r, App. 4 Dist., 901 So.2d 1029 (2005) (service of summons and complaint on foreign corporation through Secretary of State was not perfected, where plaintiffs did not file certified mail return receipt of the summons and complaint, or affidavit of compliance as required by statute governing substituted service on a nonresident).

In addition, the copy of the only summonses issued as to the Unserved Defendants appears to be the original summonses issued for personal service.  The docket of the State Court Action does not show any other court-issued summonses issued for substituted service on the Unserved Defendants through the Secretary of State.  The Secretary of State requires, *inter alia*, a court-issued summons showing the name of the defendant, in care of the Secretary of State, before accepting substituted service of process under Fla. Stat. § 48.161.

As to Plaintiff's citizenship, the Declarations of the Policy issued by Defendant Nationwide to Plaintiff attached to the Complaint shows an address for Plaintiff in Tampa, Florida.  As to the citizenship of Defendant Nationwide, the Florida Department of State, Division of Corporations' records establish Defendant Nationwide is an Ohio corporation and that its current principal place of business is in Columbus, Ohio (www.sunbiz.org; accessed June 27, 2023).  This Court has previously has held that it may take judicial notice of the Florida Department of State, Division of Corporations' records.  *See Access 4 All v. Oak Spring, Inc.,*

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330

2005 WL 1212663, *8, n. 16 (M.D. Fla. May 20, 2005) (when ruling on defendant's motion for summary judgment the Court took judicial notice the records of the Florida Department of State, Division of Corporations (available on the internet at http://www.sunbiz.org), showing that plaintiff was also an officer and director of the plaintiff-corporation); *see also Wilson v. Ariz. Classic Auto,* 2009 WL 3762983, *5, n. 1 (S.D. Fla. Nov. 10, 2009) (when ruling on defendant's motion to dismiss the Court took judicial notice that defense counsel was not a registered agent nor an officer of Defendant as set forth in the records of the Florida Department of State, Division of Corporations (available at http://www.sunbiz.org )).

Moreover, Plaintiff alleges in the Complaint that Defendant Nationwide is a foreign corporation. "Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction does not preclude removal of a case by the defendant. *See Wright v. Continental Casualty Co.*, 456 F.Supp. 1075, 1077 (M.D Fla. 1978); *Wollard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (citing *Wright* at 1078*)*.

Based on the foregoing and the definitions and requirements established by 28 U.S.C. §1332, Defendant Nationwide asserts that it has met the second statutory requirement that there be complete diversity of citizenship as the Plaintiff and Defendant Nationwide are citizens of different states and substituted service of the remaining forum defendants – the Unserved Defendants – has not yet been perfected through the Secretary of State.

**D.    Defendant Nationwide Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28

-12-

U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal, which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

Paragraphs 1 through 16 above set forth the grounds on which removal is sought, specifically citing the federal statute upon which original jurisdiction is premised (28 U.S.C. § 1332) and the factual support for that jurisdiction.  Accordingly, Defendant Nationwide has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal.  In addition, this notice has annexed to it, as Composite Exhibit 7, a copy of all process, pleadings and orders that have been served on Defendant Nationwide in compliance with 28 U.S.C. §1446.

## E.    Conclusion

Defendant Nationwide has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida which govern removal from state court.  Promptly after filing this notice of removal, Defendant Nationwide will give written notice to Plaintiff and to the clerk of the State Court Action of the filing of this Notice of Removal.  Accordingly, Defendant Nationwide respectfully requests that the United States District Court for the Middle District of Florida take jurisdiction over this action.

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330

Respectfully submitted this 28th day of July, 2023.

*s/ Jacqueline M. De Leon*
Jacqueline M. De Leon, Esq.
Florida Bar No. 115576
jmdeleon@grsm.com
GORDON REES SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5330
Facsimile: (877) 634-7245
*Attorney for Defendant Nationwide Property &*
*Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that true and correct copy of the foregoing was served by electronic notice on all counsel or parties of record on the Service List below.

*s/ Jacqueline M. De Leon*
Jacqueline M. De Leon

**Service List**

Robert T. Joyce, Esq.
Joyce and Reyes Law Firm, PA
307 South Hyde Park Avenue
Tampa, Florida 33606-2233
Telephone: (813) 251-2007
Facsimile: (813) 251-5808
bjoyce@jr-legal.com
staff@jr-legal.com
*Attorneys for Sonya Kim Labonte*

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 -Telephone: 305.428.5330